UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,            )
                            )
        Plaintiff,          )   Case No. 1:05-cv-652
                            )
v.                          )   Honorable Robert Holmes Bell
                            )
MICHIGAN DEPARTMENT OF      )
CORRECTIONS,                )
                            )
        Defendant.          )
_____)

## MEMORANDUM OPINION

Brian Warren is serving a nonparolable life sentence for first-degree, felony murder. He is serving concurrent sentences of 30-to-60 years for kidnapping and first-degree criminal sexual conduct. These sentences were imposed in the Calhoun County, Michigan, Circuit Court on October 16, 1995. Mr. Warren has filed twelve civil actions in this Court. More than three of his civil rights actions have been dismissed as frivolous, malicious or for failure to state a claim. Because Plaintiff has "three strikes" within the meaning of 28 U.S.C. §1915(g), he is barred from proceeding *in forma pauperis* in any civil action brought in this Court unless he is under "imminent danger of serious physical injury."

In May 2005, Mr. Warren filed a notice of removal of state criminal prosecution pursuant to 28 U.S.C. § 1442. *See Warren v. People of the State of Michigan*, 1:05-cv-314 (W.D. Mich.). Because the action being removed was criminal in nature, Mr. Warren avoided payment of a filing fee. In his notice of removal, Petitioner claimed that the indictment was defective because it did not set forth the elements of the offenses, and, thus, the Calhoun County Circuit Court lacked

jurisdiction over the criminal proceedings.  He further claimed that the circuit court lacked subject matter jurisdiction because his bindover from the district court was "illegal."  Section 1442 allows a member of the Armed Forces to remove a criminal prosecution brought on account of an act done under color of his officer status or in respect to which he claims any right, title or authority under United States law.  The Court found Mr. Warren's attempt to remove the criminal proceeding was "indisputably meritless" and dismissed the action for lack of subject-matter jurisdiction.  The Court noted Mr. Warren's history of filing frivolous actions and warned him "that any future filings deemed to be frivolous may result in the imposition of sanctions against him, including restrictions against his ability to burden the court with future meritless lawsuits."

Mr. Warren has now filed a notice of removal of the 1995 Calhoun County criminal prosecution, purportedly pursuant to 28 U.S.C. § 1441(b).  Like his previous notice of removal, Petitioner contends that the state circuit court lacked jurisdiction over the criminal proceedings.[1]  When a criminal case is removed from the state courts, the federal district court has the authority to take notice of and determine the presence or absence of jurisdiction on its own motion. The Removal Act directs the district court to examine the removal notice promptly. The Act continues: "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  On its face, § 1441(b) provides for the removal of only civil actions, not criminal actions.  Without question, this Court lacks subject-matter jurisdiction over the removed criminal case, which ended a decade ago.

---

[1] Contemporaneously with the filing of the instant action, Mr. Warren also filed a petition pursuant to 28 U.S.C. § 2241(c)(3), asserting the same substantive claim.  *See Warren v. Miller*, 1:05-cv-651 (W.D. Mich.).

It is well established that federal courts have inherent powers to impose appropriate nonmonetary sanctions to deter future frivolous lawsuits and/or relitigation of the same lawsuit and frivolous and vexatious litigation. *See Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997); *United States v. Circuit Court for Taylor County*,  73 F.3d 669, 670 (7th Cir. 1995); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995); *accord Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Telechron, Inc. v. Intergraph Corp.*, No. 95-1039, 1996 WL 370136, at *2 (6th Cir. July 2, 1996) ("Although imposing sanctions pursuant to inherent power and Rule 11 are analogous, courts are not bound by the strictures of Rule 11 case law when exercising their inherent powers.").

Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.  *See In re McDonald*, 489 U.S. 180, 184 (1989).  Federal district courts necessarily have considerable discretion in drafting orders restricting a litigious party's access to courts.  *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *United States v. MK-Ferguson Co.*, 99 F.3d 1538, 1548 (10th Cir. 1996); *United States v. Hughes Aircraft Co.*, Nos. 94-55620, 94-55826, at *1 (9th Cir. Oct. 21, 1996); *United States v. Barker*, 182 F.R.D. 661, 664 (S.D. Ga. 1998).  Both the Supreme Court and the Sixth Circuit have reaffirmed the district court's inherent authority to take action to prevent abuse of the judicial system.  *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997); *accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002); *Ulysses I & Co. v. Feldstein*, No. 01 cv 3102 LAP, 2002 WL 1813851, at *13 (S.D.N.Y. Aug. 8, 2002) ("The Federal courts have an

institutional concern and obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). A prerequisite to the exercise of such power is a finding that a litigant has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Big Yank Corp.*, 125 F.3d at 313. The concept of bad faith is an objective one. *See Coppedge v. United States*, 369 U.S. 348, 445 (1962). A claim is brought in bad faith if it is frivolous. *Id.*; *see Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990). Objectively, Plaintiff's present lawsuit was filed vexatiously and in bad faith.

The Court's order under its inherent powers cannot completely foreclose a litigant from access to the court. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Washington v. Alaimo*, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996). However, the right of access to courts is neither absolute or unconditional, and there is no right of access to the courts to prosecute an action that is frivolous and malicious. *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989); *Roscoe v. Hansen*, No. 96-2250, 1997 WL 116992, at * 2 (10th Cir. Mar. 17, 1997). Despite the Court's clear warning in Case No. 1:05-cv-314 that he would be sanctioned for filing further meritless lawsuits, Mr. Warren has persisted in filing another frivolous notice of removal. As a result, the Court will issue an order enjoining Mr. Warren from filing any notices of removal in this Court. The Clerk of the Court will be directed to reject any attempt by Mr. Warren to remove a criminal proceeding. The sanction imposed by the Court is narrowly tailored to deter future frivolous and vexatious litigation. However, should Mr. Warren continue to engage in further abusive litigation, the Court may further restrict his ability to file actions in this Court.

An Order consistent with this Memorandum Opinion will be issued.


Date:    October 4, 2005              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT  JUDGE